**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALONZO JAMES JOSEPH,<br><br>            Plaintiff,<br><br>     v.<br><br>M. PENNER,<br><br>            Defendant. | No.  2:18-CV-2597-JAM-DMC-P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 29).

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

<u>Id.</u>

///

///

1

1     Thus, when a prisoner plaintiff has had three or more prior actions dismissed for
2  one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in
3  forma pauperis unless the imminent danger exception applies.  Dismissed habeas petitions do not
4  count as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).
5  Where, however, a dismissed habeas action was merely a disguised civil rights action, the district
6  court may conclude that it counts as a "strike."  See id. at n.12.

7     A review of the court's records reflects that plaintiff has had three or more cases
8  dismissed as "strikes" under § 1915(g).[1]  Three such cases are:

9     1. Joseph v. Cal. Prison Indus. Auth., No. 2:13-CV-00122-CKD (E.D. Cal. June 4,
10 2013), ECF No. 9, aff'd, No. 13-16205 (9th Cir. Feb. 28, 2014), ECF No. 19 (order dismissing
11 action for failing to state a claim) (See RFJN Ex. 1-A – 1D);

12    2.  Joseph v. Telander, No. 2:13-CV-00051-JAM-JFM (E.D. Cal. May 16, 2013),
13 ECF No. 14 (order dismissing complaint for failing to state a claim with leave to amend); (July 1,
14 2013), ECF No. 18 (findings and recommendations to dismiss for failure to amend); (Sept. 5,
15 2013), ECF No. 19 (order adopting findings and recommendations and dismissing complaint)
16 (See RFJN Ex. 2-A – 2-E); and

17    3. Joseph v. Lee, No. 2:15-CV-02609-AB (JC) (C.D. Cal. Apr. 16, 2015), ECF No.
18 4 (order denying request to proceed IFP and dismissing civil action for lack of jurisdiction, as
19 frivolous, malicious, or for failure to state a claim) (See RFJN Ex. 3-A – 3-C).

20    Plaintiff contends that he is in imminent danger of serious physical injury such that
21 his IFP status should not be revoked. Specifically, plaintiff states that:

> Plaintiffs [sic] life is still in imminent danger to this day and for the rest of
> my life plaintiff has to go to the hospital to get gastrologist and ultrasound
> to watch my "severe liver cirrtlosis [sic]" and make sure no mass build up
> that can lead up to liver cancer.

ECF No. 34, pgs. 1-2.

---

[1]    The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

The Court is not convinced by the facts presented that plaintiff is entitled to IFP status under the imminent danger exception. As defendant notes, plaintiff's complaint was filed nearly two years ago. Any argument that plaintiff was in imminent danger, based on the allegations from the complaint, are undercut by the absence of a dangerous event or development in the time that has since elapsed. Also, plaintiff does not explain, with any particularity, how he is in imminent danger of serious physical injury. On the contrary, plaintiff merely states that he requires life-long hospital check-ups in order to monitor his liver. See ECF No. 34. Plaintiff does not argue that he is at risk of immediate harm and his opposition is supported with nothing more than broad allegations of misconduct on the part of the defendant.

Because plaintiff has had three or more cases dismissed as "strikes," and because a review of the complaint does not suggest the applicability of an exception, he cannot proceed without pre-payment of the statutory filing fees.

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion to revoke IFP status (ECF No. 29) be granted;

2. Plaintiff shall pay the full filing fee within 30 days of the district judge's adopting order, otherwise this action shall be dismissed; and

3. Upon complete payment of the filing fee, defendant shall, within 30 days, submit a response to the complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 25, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE